IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 13 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-002734-BNB

LEON BATES,

    Applicant,

v.

MIKE ARRELANO, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

### I. Background

Applicant Leon Bates is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Bates initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his February 4, 2000, conviction in the Denver County District Court of Colorado in Case No. 90CR2130. In an order entered on December 19, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 31, 2008, Respondents filed a Pre-Answer, and Applicant filed a Reply on January 22, 2009.

Mr. Bates, originally, was arrested on August 10, 1990, and posted bond on August 14, 1990, but he failed to appear at a State of Colorado court date on August 27, 1990. (Pre-Answer at 4 and Ex. E.) Seven years later, he was arrested in Chicago, Illinois, on May 27, 1997, and was returned to the State of Colorado. (Pre-Answer at 4.) Subsequently, Mr. Bates was convicted of menacing with a deadly weapon and seven habitual criminal counts based upon prior criminal convictions in the State of Illinois. (Application at 2 and Pre-Answer at 4-5.) He was sentenced to life in prison. (Application at 2 and Pre-Answer at 4-5.) The judgment of conviction was affirmed on direct appeal. *See People v. Bates*, No. 00CA0698, 2002 WL 31835537 (Colo. App. Dec. 19, 2002) (not selected for publication). On July 28, 2003, the Colorado Supreme Court denied Mr. Bates' petition for writ of certiorari. *See People v. Bates*, No. 03SC165, 2003 WL 21733521 (Colo. July 28, 2003) (not selected for publication).

Sometime between March 25 and March 30, 2004, Mr. Bates filed a postconviction motion that was denied by the trial court on August 11, 2005. (Pre-Answer at 5 and Ex. D.) On August 23, 2007, the Colorado Court of Appeals affirmed the denial. *See People v. Bates*, No. 05CA2049 (Colo. App. Aug. 23, 2007) (not selected for publication). The Colorado Supreme Court denied a petition for writ of certiorari in the postconviction motion on January 14, 2008. *Bates v. People*, No. 07SC792, 2008 WL 115539 (Colo. Jan. 14, 2008) (not selected for publication). The Court received the instant action for filing on December 11, 2008.

Mr. Bates asserts eight claims for relief in the instant Application. The claims include the following: (1) Ineffective assistance of trial and appellate counsel; (2)

2

insufficient evidence to support a conviction of felony menacing; (3) failure by the prosecution to meet the burden of proof of felony menacing; (4) denial of a fair trial because the trial court refused to grant separate trials on counts one and two; (5) unfair application of the habitual offender statute; (6) unconstitutional application of the habitual offender statute; (7) unconstitutional application of Colo. Rev. Stat. § 16-5-402; and (8) denial of a proportionality review hearing.

II. Analysis

The Court must construe liberally Mr. Bates' Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period under 28 U.S.C. § 2244(d).

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents argue that the Application is time-barred. They contend that Mr. Bates' conviction and sentence became final on October 23, 2003, and that he did not file a Colo. R. Crim. P. Rule 35(c) until March 30, 2004, which resulted in 159 days that were not tolled for the purposes of § 2244(d). (Pre-Answer at 7-8.) Respondents further contend that the Colorado Supreme Court denied Applicant's petition for a writ of certiorari in his Rule 35(c) postconviction motion on January 14, 2008, and another 337 days passed before Applicant filed the instant action, on December 16, 2008. (Pre-Answer at 8.) Relying on *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), Respondents argue that even though Applicant filed a previous 28 U.S.C. § 2254 action that was pending from May 7, 2008, until October 23, 2008, in this Court, the time during which a federal habeas corpus application is pending does not count as time tolled under § 2244(d)(2). (Pre-Answer at 8.) Respondents, therefore, conclude that a total of 496 days passed prior to Applicant filing the instant action, and the Application is untimely under U.S.C. § 2244(d)(1).

In his Reply, Mr. Bates asserts that even though this Court dismissed his first 28 U.S.C. § 2254 action as a mixed petition the dismissal was without prejudice, which strongly suggests that he would be allowed to refile at a later date. (Reply at 4.) Applicant further contends that if the instant action is found to be time-barred the dismissal of his first § 2254 action was misleading in that he was time-barred prior to when the Court dismissed the first § 2254 action. (Reply at 4.)

In *Bates v. Arellano*, No. 08-cv-00943-ZLW (D. Colo. Oct. 24, 2008), the court, in an order to show cause dated September 8, 2008, instructed Applicant that his application was a mixed petition. *Bates*, No. 08-cv-00943-ZLW, Doc. No. 13 at 11. Mr. Bates does not deny that the Application in Case No. 08-cv-00943-ZLW was a mixed petition. The court, in Case No. 08-cv-00943, further instructed Mr. Bates that he could either dismiss the unexhausted claims and proceed immediately with only the exhausted claims or he could return to state court to exhaust his unexhausted claims. *Id.* The court also informed Mr. Bates of the consequences either of dismissing his unexhausted claims and pursuing immediately with only his exhausted claims or of returning to state court to exhaust his unexhausted claims. *Id.* The court also informed Mr. Bates that the time during which the § 2254 application in Case No. 08-cv-00943-ZLW was pending was not tolled for the purposes of 28 U.S.C. § 2244(d). *Id.*

In Mr. Bates' response to the order to show cause in Case No. 08-cv-00943-ZLW, he indicated that he desired to return to state court and exhaust the unexhausted claims. (Reply at 4.) He asked that the court stay and hold Case No. 08-cv-00943-ZLW in abeyance while he returned to state court. (Reply at 4.) He further argued that

5

the court should reconsider the order to show cause and review all claims based on the merits of the claims and not on a technical procedural default. (Reply at 4.) Mr. Bates did not request, in the alternative, that if the court decided to deny his request for a stay and abeyance to proceed with only his exhausted claims.

The court, finding no basis for staying Case No. 08-cv-00943-ZLW dismissed the action without prejudice. The dismissal without prejudice is not misleading. A mixed petition is subject to dismissal without prejudice. Mr. Bates was informed of the consequences of his decision. Furthermore, Mr. Bates did not elect to challenge the dismissal in Case No. 08-cv-00943-ZLW and subsequently waited over a month to file the instant habeas action.

The Court, therefore, finds, based on determinations made in Case No. 08-cv-00943-ZLW, that the one-year limitation period began to run on October 28, 2003, the day after Mr. Bates' conviction became final, until March 24, 2004, the day prior to when he filed his first postconviction motion. *Bates*, No. 08-cv-00943-ZLW, Doc. No. 13 at 4-5. The one-year limitation period also ran from January 15, 2008, the day after a writ of certiorari was denied in his postconviction motion, until December 10, 2008, the day prior to when Applicant submitted the instant action to this Court. As a result, the Court finds that the time during which a postconviction motion or collateral proceeding was not pending in state court is 480 days, and the action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Bates does not allege in the Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims or that there were any impediments to filing a 28 U.S.C. § 2254 application regarding his claims that

6

were created by state action. He, also does not assert that he did not know or could not have discovered the factual predicate for his claims at the time of his conviction and direct appeal

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Bates bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Bates fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The action, therefore, is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Bates has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 13 day of Feb., 2009.

BY THE COURT:

*Zita Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02734-BNB

Leon Bates
Prisoner No. 106353
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/13/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk